UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DETRONE QUOTEZE ROYAL, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:20-CV-00127-JRG-CRW |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Detrone Quoteze Royal's Motion to Amend his Motion under 28 U.S.C. § 2255 [Doc. 12] and the United States' Response [Doc. 17]. For the reasons herein, the Court will deny Mr. Royal's motion.

### I. BACKGROUND

In March 2017, police officers found crack cocaine, marijuana, digital scales, baggies, more than $1,500, and a loaded firearm in Mr. Royal's vehicle and placed him under arrest. [Plea Agreement, Doc. 12, at 2, No. 2:18-CR-00030-1-JRG-CRW]. He later admitted to the officers that he was selling crack cocaine. [*Id.*]. In January 2018, officers reported to an apartment where they discovered a backpack containing a firearm and crack cocaine. [*Id.* at 3]. They reviewed security-camera footage, which showed Mr. Royal entering the residence with the backpack, and arrested Mr. Royal a second time. [*Id.*]. Mr. Royal later admitted to having handled the firearm that was inside the backpack and to being aware that the backpack contained crack cocaine, though he claimed that the firearm and the drugs belonged to an associate of his. [*Id.*].

In February 2018, the United States charged Mr. Royal with two counts of possession with the intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a) and

(b)(1)(C) (Counts One and Four); possession of a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (Counts Two and Five); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Counts Three and Six). [Indictment, Doc. 1, at 1–2, No. 2:18-CR-00030-1-JRG-CRW]. He pleaded guilty to one count of possession with the intent to distribute cocaine base (Count One) and one count of possession of a firearm in furtherance of a drug-trafficking offense (Count Two). [Plea Agreement at 1]. At sentencing, his prior felony convictions for controlled-substance offenses made him a career offender under USSG § 4B1.1.[1] *See* [PSR, Doc. 20, ¶ 23, No. 2:18-CR-00030-1-JRG-CRW (applying the career-offender enhancement under USSG § 4B1.1); Statement of Reasons, Doc. 36, at 1, No. 2:18-CR-00030-1-JRG-CRW (adopting the presentence investigation report without change)].

As to Count One, Mr. Royal's guidelines range was 151 to 188 months' imprisonment, and as to Count Two, he faced a mandatory consecutive sixty-month term of imprisonment. *See* 18 U.S.C. § 924(c)(1)(A). [PSR at ¶ 64]. Together, the charges in Counts One and Two resulted in an effective guidelines range of 211 to 248 months' imprisonment. [*Id.*]. During Mr. Royal's sentencing hearing, Mr. Royal allocuted before the Court and disavowed the plea agreement's stipulated facts as to his second arrest. For instance, he denied carrying into the apartment the backpack containing the crack cocaine and the firearm. [Sent. Hr'g Tr., Doc. 32, at 25:22–25, 26:1–3]. In response, the Court continued the sentencing hearing so it could review the surveillance footage and hear from the officer who took Mr. Royal's statement after his second

---

[1] USSG § 4B1.1 increases a defendants offense level if the defendant is a "career offender." Under USSG § 4B1.1, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a).

arrest, but not before warning Mr. Royal that it could ultimately reject his plea agreement, which the Court characterized as favorable to him. [*Id.* at 34:1–25, 37:8–12].

When the Court resumed Mr. Royal's sentencing hearing, ATF Special Agent Jason Townsend testified that, after Mr. Royal's first arrest, he had invited Mr. Royal to cooperate with law enforcement, but Mr. Royal did not respond to his overtures. [Second Sent. Hr'g, Doc. 44, at 4:9–24, 5:1–2]. The United States then played the surveillance footage, which showed Mr. Royal carrying a backpack that matched the one from which the officers had retrieved the firearm and crack cocaine. [*Id.* at 8:21–25, 9:1–25, 10:1–25, 11:1–2]. Mr. Royal's attorney then pleaded with the Court to "forget the last hearing and start fresh," and Mr. Royal accepted responsibility for his actions. [*Id.* at 16:7–8, 17:4–5].

The Court elected not to recalculate Mr. Royal's guidelines range or reject the plea agreement and went on to conduct an analysis of 18 U.S.C. § 3553(a)'s factors. The Court expressed its view that the career-offender guideline is "flawed" and noted that it "practically doubled" Mr. Royal's guidelines range. [*Id.* at 26:17, 27:5]. After concluding that its concern about the career-offender guideline and Mr. Royal's lack of candor "cancel[ed] each other out," [*id.* at 38:15–16], the Court imposed a sentence near the bottom of the guidelines range and sentenced Mr. Royal to 156 months as to Count One and sixty months as to Count Two, to run consecutively to each other for a net sentence of 216 months of imprisonment. [J., Doc. 35, at 2, No. 2:18-CR-00030-1-JRG-CRW]. Although Mr. Royal appealed his conviction and sentence, his appeal was unsuccessful. *See* [Sixth Circuit Order, Doc. 45, No. 2:18-CR-00030-1-JRG-CRW]. Having failed to capitalize on his appeal, he has now timely moved for relief under 28 U.S.C. § 2255. More recently, he filed a motion to amend his § 2255 motion, and the United

3

States opposes this motion. The Court has carefully reviewed Mr. Royal's motion to amend, and it is now prepared to rule on it.

## II. ANALYSIS

In pursuing relief under § 2255, Mr. Royal brings multiple claims. First, he asserts that his attorney was ineffective because he advised him that the "'only' relevant" counts in his plea agreement were Counts One and Two. [Pet'r's Mot. at 4]. Mr. Royal appears to argue that his attorney should have advised him that additional counts were relevant because his indictment contained six counts in total. *See* [*id.*]. Second, he alleges that the state courts did not advise him that his prior convictions "could later [be used to enhance his sentence] in the future if prosecuted by the U.S. Government," and he contends that his attorney was ineffective because he did not object to the application of § 4B1.1 to his sentence by arguing that Mr. Royal had "limited knowledge of the severity of [his] priors." [*Id.* at 5]. Third, Mr. Royal faults his attorney for not objecting to portions of Agent Townsend's testimony, which, Mr. Royal argues, consisted of testimony that was not fully relevant to the charges in Counts One and Two. [*Id.* at 7].

Mr. Royal has now filed a motion to amend his § 2255 motion, seeking to add a new claim. Specifically, he maintains that the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022)—in which the Supreme Court held that attempted Hobbs Act robbery is not a crime of violence under § 924(c)(3)(A), a subsection known as the use-of-force or elements clause—requires this Court to vacate his conviction under § 924(c)(1)(A). [Pet'r's Mot. to Am. at 6–7]. In response, the United States argues that Mr. Royal is not entitled to amend his § 2255 motion because his claim under *Taylor* is untimely and does not relate back to the claims in his original motion.

4

Mr. Royal's amended claim is indeed subject to § 2255's one-year statute of limitations, *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008), which states:

> The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4).

Of these four subsections, only § 2255(f)(1) and § 2255(f)(3) are relevant to Mr. Royal's case. "When a federal criminal defendant takes a direct appeal to the court of appeals," as Mr. Royal did in his criminal case, "his judgment of conviction becomes final [under § 2255(f)(1)] upon the expiration of the 90-day period in which [he] could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed." *Sanchez-Castellano v. United States*, 358 F.3d 424, 426–27 (6th Cir. 2004) (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)). This ninety-day period runs not from the date of the Sixth Circuit's mandate but from the date of the Sixth Circuit's entry of its order. *See* Supreme Court R. 13.1 ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)."); *see United States v. Smith*, Crim. No. 12-cr-20095, Civ. No. 15-cv-13814, 2016 WL 491837, at *1 n.1 (E.D. Mich. Jan. 8, 2016) ("[T]he date of the mandate does not impact the length of the

5

Case 2:20-cv-00127-JRG-CRW   Document 18   Filed 05/25/23   Page 5 of 8   PageID #: 122

ninety day window in which writ of certiorari must be submitted to the Supreme Court." (citing *id.*)).

The ninety-day period began to run on June 4, 2019, which is the date when the Sixth Circuit ruled on Mr. Royal's direct appeal, and it expired on September 2, 2019. Mr. Royal's conviction therefore became final on September 2, 2019, so any new claims that he wished to append to his § 2255 motion were due in this Court one year later, on September 2, 2020. 28 U.S.C. § 2255(f)(1). Mr. Royal, however, did not file his amended claim until October 7, 2022, and it is therefore untimely under § 2255(f)(1). Mr. Royal also does not argue that he is entitled to equitable tolling.

Still, § 2255(f)(3) can excuse the untimeliness of Mr. Royal's amended claim, which he filed within one year of the Supreme Court's decision in *Taylor*, if the Supreme Court announced a new, retroactively applicably rule of constitutional law in *Taylor*. *See* 28 U.S.C. § 2255(f)(3). The United States argues that "[a]t first glance, Royal's motion may . . . seem timely because it was filed within one year after the Supreme Court decided . . . *Taylor* . . . . But *Taylor* did not announce a new rule of constitutional law retroactively applicable on collateral review[.]" [United States' Resp. at 3]. The rule is that the Supreme Court does not announce a newly recognized constitutional right when it relies on established canons of statutory interpretation merely to clarify or interpret a statute. *See Khamisi -El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020).

The Sixth Circuit has recognized, albeit in an unpublished opinion, that "*Taylor* involved a question of statutory interpretation and did not announce a new, retroactively applicable rule of constitutional law." Order at 3, *In re David Patterson*, No. 22-5683 (6th Cir. Dec. 15, 2022), ECF No. 22; *see In re Williams*, No. 22-13997-B, 2022 WL 18912836, at *3 (11th Cir. Dec.

6

15, 2022) ("The Supreme Court in *Taylor* did not announce a new rule of constitutional law, but rather interpreted, as a matter of statutory analysis, the meaning of the term 'crime of violence' in § 924(c), and, more specifically, the proper application of the elements clause in § 924(c)(3)(A) and whether it covered attempt offenses like attempted Hobbs Act robbery."). Indeed, the Supreme Court, in interpreting the phrase "crime of violence" in § 924(c), relied on established rules of statutory interpretation in *Taylor*, and in doing so, it did not announce a newly recognized constitutional right. *See Taylor*, 142 S. Ct. at 2023 (relying on the "usual rule[s] of statutory interpretation" in conducting its analysis). Section § 2255(f)(3), therefore, does not excuse the untimeliness of Mr. Royal's claim under *Taylor*.

Although Mr. Royal's amended claim under *Taylor* is untimely, it will still be entitled to consideration on the merits if Mr. Royal can establish, under Federal Rule of Civil Procedure 15(c), that it relates back to the claims in his original motion. *See Howard*, 533 F.3d at 475–76 (recognizing that a motion to amend a § 2255 petition "will be denied where it is filed after that period expires unless the proposed amendment relates back to the date of the original pleading within the meaning of Rule 15(c)(2)"); *see also White v. United States*, No. 3:13-CR-71-TAV-HBG, No. 3:15-CV-502-TAV, 2019 WL 1140175, at *3 (E.D. Tenn. Mar. 12, 2019) ("The burden rests on petitioner to show that the claim in her supplemental motion 'relates back' to the initial § 2255 motion[.]"). Rule 15(c)(1)(B) states that an amendment to a complaint relates back to the original complaint when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" "The key words are 'conduct, transaction, or occurrence," which mean that an original motion and a supplemental motion must "state claims that are tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 656, 664 (2005) (footnote omitted). An amended motion does not relate back to an

7

original motion "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650.

To start with, the Court would be remiss if it did not point out that Mr. Royal does not attempt to argue that his claim under *Taylor* relates back to his original claims, and he therefore makes no headway in discharging his burden. In any case, his amended claim does not pass muster under Rule 15(c). As the United States rightly argues, his amended claim is a new claim, having no traceable relationship back to the claims in his original § 2255 motion, in which he alleges acts of ineffective assistance of counsel. *See Watkins v. Deangelo-Kipp*, 854 F.3d 846, 850 (6th Cir. 2017) ("[A] petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance." (quoting *Cox v. Curtin*, 698 F. Supp. 2d 918, 931 (W.D. Mich. 2010))); *United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000) ("[A] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired."). So in sum, Mr. Royal's amended claim under *Taylor* does not relate back to the claims of ineffective assistance of counsel in his original motion, and § 2255(f)'s one-year statute of limitations therefore forecloses it. Mr. Royal's Motion to Amend his Motion under 28 U.S.C. § 2255 [Doc. 12] is therefore **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

8

Case 2:20-cv-00127-JRG-CRW   Document 18   Filed 05/25/23   Page 8 of 8   PageID #: 125